UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO: 3:12-12-EBA

ROBERT FOLEY,                                                                                                PLAINTIFF,

V.                                            **MEMORANDUM
                                      OPINION AND ORDER**

LADONNA THOMPSON, *Warden*,                                                              DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the undersigned on Plaintiff Robert Foley's Motion to Remand to State Court. [Record No. 23]. The Plaintiff insists that because he is not pursuing a federal cause of action, even though his claim is based solely on violations of the Eighth and Fourteenth Amendments, that jurisdiction is not proper in this Court. [Record No. 23]. Defendant LaDonna Thompson responded in opposition, asserting that even though the Plaintiff uses a state cause of action, it is clear from the face of the complaint that he is really alleging federal causes of action and trying to avoid federal jurisdiction by terming them as state causes of action. [Record No. 25]. For the reasons discussed below, the Plaintiff's motion will be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Robert Foley was convicted in 1992 of two (2) counts of first degree murder in Laurel County, Kentucky Circuit Court, and in 1994 of four (4) counts of first degree murder in Madison County, Kentucky Circuit Court. *See* Foley v. Commonwealth, 306 S.W.3d 28, 29 (Ky. 2010); Foley v. Commonwealth, 953 S.W.2d 924, 928 (Ky. 1997). As a result, he is currently an

inmate at the Kentucky State Penitentiary under six (6) sentences of death. *See* Foley, 306 S.W.3d at 29, 29 n.1. Both convictions have been affirmed on direct and post-conviction review.[1]

The current action was filed in Franklin County, Kentucky Circuit Court on February 9, 2012 against Defendant LaDonna Thompson in her official capacity as the Commissioner of the Kentucky Department of Corrections. [Record No. 1-2, at 1]. Foley seeks declaratory and injunctive relief under KENTUCKY RULE OF CIVIL PROCEDURE 57 and 65.01, and KENTUCKY REVISED STATUTE §§ 418.040 and 418.055 for alleged violations of Foley's Eighth and Fourteenth Amendment rights under the United States Constitution. [Record No. 1-2, ¶ 1]. Foley's claims are based on the failure of the Kentucky Department of Corrections to obtain hip replacement surgery for Foley since his February 2011 diagnosis with a degenerative right hip. [Record No. 1-2, ¶¶ 16-17]. Foley alleges that the Kentucky Department of Corrections recognizes that Foley is in immediate need of hip surgery and that his condition causes him considerable pain, but has failed to take action to secure surgery for Foley. [Record No. 1-2, ¶¶ 13-14, 17]. Foley seeks relief in the form of a declaratory judgment pronouncing that the Kentucky Department of Corrections has failed to provide him with medical care necessary under the Eighth and Fourteenth Amendments, and an order requiring the Department of Corrections to "provide hip replacement surgery for Foley and to take the necessary steps to ensure that the surgery takes place." [Record No. 1-2, ¶¶ 23-39].

On March 14, 2012, Thompson removed the action from Franklin Circuit Court to the United States District Court for the Eastern District of Kentucky under federal question

---

[1] See for example: Direct review affirmances: 942 S.W.2d 876 (Ky. 1996), *cert. denied by* 522 U.S. 893 (1997); 953 S.W.2d 924, *cert. denied by* 523 U.S. 1053 (1998).
State post-conviction affirmances: 17 S.W.3d 878 (Ky. 2000), *cert. denied by* 531 U.S. 1055 (2000), *overruled in part on other grounds by* Stopher v. Conliffe, 170 S.W.3d 307 (Ky. 2005); 2003 WL 21993756 (Ky. Aug. 21, 2003); 2009 WL 1110333 (Ky. April 23, 2009); 2010 WL 1005873 (Ky. March 18, 2010).
Federal post-conviction affirmances: Foley v. Parker, 488 F.3d 377 (6th Cir. 2007), *cert. denied by* Foley v. Simpson, 553 U.S. 1068 (2008); Foley v. White, No. 6:00-cv-552-DCR, 2013 WL 990828 (E.D. Ky. March 12, 2013).

jurisdiction of 28 U.S.C. §§ 1441-1446. [Record No. 1, at 1]. Foley filed a response, expressing disapproval at the removal of the suit to federal court, on March 22, 2012. [Record No. 2]. However, Foley did not move the Court to remand the action to back to state court until April 22, 2013. [Record No. 23]. In his motion, Foley asserts that the complaint does not allege a violation of and does not seek relief pursuant to federal law, instead seeking relief under state rules and statutes. [Record Nos. 2; 23]. Thompson filed a response in opposition, asserting that, while the complaint does not use a federal cause of action, it is clear from the face of the complaint that Foley is alleging violations of federal law and federal causes of action. [Record No. 25]. Now being fully briefed, the matter is ripe for consideration. [*See* Record No. 24].

## II. LEGAL STANDARD

Federal subject matter jurisdiction is government by the well-pleaded complaint rule, which dictates that federal question jurisdiction can only be established if a question of federal law is apparent on the face of a properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); *see also* Saffold v. Fortenberry, No. 2:97CV856-B-B, 1998 WL 527276, at *1 (N. D. Miss. July 17, 1998). As the "the master of the claim," a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392. A complaint pleaded under state law can still establish proper federal question jurisdiction where a "substantial and disputed question of federal law is a 'necessary element' of one of the well-pleaded state claims." Doe v. Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, No. CV. 07-1499-PK, 2008 WL 4549075, at *3 (D.Or. Oct. 9, 2008) (quoting Franchise Tax Bd. V. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983) (superseded by statute on other grounds)). Jurisdiction is established if "a right or immunity created by the Constitution or law of the United State [is] an element, and an essential one, of the plaintiff's

3

cause of action." Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936). Ultimately, "[t]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods. V. Darue Eng'g & Mfg., 545 U.S. 308 314 (2005). However, "the assertion of a claim under a federal statute [or federal constitutional provision] alone is sufficient to empower the District Court to assume jurisdiction over the case." Holland/Blue Streak v. Barthelemy, 849 F.2d 987, 989 (5th Cir. 1988) (internal quotation omitted) (citations omitted).

### III. ANALYSIS

In his complaint, Foley raises his claims under Kentucky statutes and rules of procedure. [*See* Record No. 1-2]. However, it is clear that the statutes and rules under which the claims are raised are merely mechanisms for suing for any type of injunctive and declaratory relief. *See* KY. REV. STAT. §§ 418.040; 418.055; KY. R. CIV. P. 57; 65.01; *see also* Record No. 1-2, ¶¶ 5-8. Further, the complaint alleges violations of Foley's constitutional rights under the United States Constitution as the sole basis for relief. [Record No. 1-2, at ¶¶ 23-37]. In the claim for relief, there is no mention of Foley's rights under Kentucky's laws or Constitution, and particularly telling is that Foley only cites to *federal* case law and *federal* principles as a substantive basis for relief. [Record No. 1-2, ¶¶ 23-37]. It is clear from the face of the complaint, therefore, that while Foley uses Kentucky law as a mechanism for bringing his claim, the right that he is suing to enforce is federally created and the violation of his federal rights is an essential and necessary element of Foley's claims. Accordingly, federal jurisdiction is proper and remand is not appropriate.

Foley's assertion that his reliance on state causes of action makes federal jurisdiction inappropriate is misguided. The cause of action is important, but not determinative, in creating jurisdiction. It is the substance of the claims and the asserted right or immunity that is most decisive in determining jurisdiction. Further, while the causes of action may be created by state law, Foley has clearly not relied *exclusively* on state law. If Foley had cited violations of his rights under Kentucky's statutes or constitution, there would be exclusive reliance on state law. However, the *only* asserted violations are that of federal law, and therefore, Foley's claim relies heavily on federal, not state, law. Consequently, Foley's complaint, on its face, establishes federal jurisdiction and remand is not proper.

## IV. CONCLUSION

Therefore, having considered the matter fully, and for the reasons stated above,

IT IS ORDERED AS FOLLOWS:

(1) The Plaintiff's Motion to Remand to State Court [Record No. 23] shall be DENIED; and

(2) A telephonic conference is scheduled in this matter for WEDNESDAY, MAY 22, 2013, AT THE HOUR OF 10:00 A.M. Counsel shall be prepared to discuss the status of discovery and feasible dates for all remaining deadlines. Counsel shall access the conference by calling AT&T Teleconferencing at **1-877-336-1839**; entering the access code **4162817** (followed by #); and when requested, entering the security code **1212** (followed by #).

Signed May 16, 2013.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge